IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RICHARD ARRINGTON**, )
)
      Plaintiff, )
)
   v. ) 1:23cv285
) **Electronic Filing**
**ERIE COUNTY PRISON**, )
**JOSHUA VOGEL, MICHAEL DEJOHN,** )
**ERIE POLICE DEPARTMENT,** )
**SUSAN MACK, Dr. LASAR, M.D.,** )
**WARDEN SUTTER,** )
)
      Defendants. )

## MEMORANDUM OPINION

Richard Arrington ("plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 seeking redress for his arrest on retail theft charges on September 11, 2023, and the treatment he immediately experienced after being taken into custody. Plaintiff filed an amended complaint on November 8, 2023. Presently before the court are defendants' motions to dismiss based on a variety of reasons, including failure to state a claim, failure to prosecute, judicial immunity, Eleventh Amendment immunity, qualified immunity, the existence of probable cause, and the lack of a certificate of merit. Also before the court are plaintiff's motion for leave to amend and a series of motions related to the proposed amended complaint. For the reasons set forth below, defendants' motion to dismiss for failure to prosecute will be denied, plaintiff's motion for leave to amend will be denied, plaintiff's motions related to the proposed amended complaint will be denied as moot and the case will be referred back to the magistrate judge for further proceedings consistent with this Memorandum Opinion and the accompanying order.

Plaintiff's amended complaint alleges that on September 11, 2023, he was walking down the street when he was detained, handcuffed and taken into custody without a warrant or a proper presentation of probable cause as required under Pennsylvania law. He was not taken before the

proper magisterial district judge as required by Pennsylvania procedure, but instead was taken in front on Magisterial District Judge Susan Mack, who did not make a proper probable cause determination by failing "to Jurat, Sign and Stamp the Commonwealth Signature" on the affidavit and warrant presented by arresting Erie Police Office Joshua Vogel, making plaintiff's arrest illegal based on the lack of probable cause. Plaintiff was then illegally detained in a holding cell in the Erie County Police Department.

Plaintiff began having chest pain after being in a holding cell that had no mattress or covers and he was not given the customary opportunity to make a telephone call. Plaintiff was taken to the hospital where he was examined by Dr. Asar. Dr. Asar asked plaintiff why he felt the need to come to the hospital and ignored plaintiff's extremely high blood pressure. He also questioned plaintiff about his medical history in front of the police officers and thus shared plaintiff's assertedly protected medical information in violation of HIPPA.

Dr. Asar declined to treat plaintiff for his high blood pressure and informed the officers they could escort plaintiff back to the Erie County Prison. The officers then incarcerated plaintiff there without a valid warrant or a finding of probable cause for his arrest, which Warden Sutter thus assertedly permitted.

Plaintiff requests varying forms of declaratory and injunctive relief. These include having Officer Vogal placed on desk duty and retrained in the procedures for arrest and detention; precluding the Erie Police Department from filing criminal complaints that are unsigned by a magisterial district judge and acting on unverified probable cause affidavits; having Magisterial District Judge Susan Mack retrained in processing criminal complaints and affidavits of probable cause; having Dr. Asar undergo training on treating all persons with respect and avoiding bias towards patients in handcuffs and pay money damages for engaging in the "lack of medical attention;" holding Officer Vogel and Warden Sutter liable for a "Natural Person Claim [under] 967 Relief Act;" having Erie County Prison be required to make

complaints available on paper so an inmate is not always required to go through the grievance process to review and pursue them; and having the "right to know law" be activated in this case so that the conditions of lead paint, rusty tables, illegal and degrading searches, moldy shower facilities, dangerous objects brought in by the guards, and the improper stifling of communications between inmates and upper level prison authorities can all become known. Plaintiff also requests the court to send the Erie County Prison a warning about the confiscation of legal mail.

      Some of the defendants filed the pending motions to dismiss as referenced above. On each occasion the plaintiff was advised by the court and/or the record reflected that "[a] response/briefing schedule will issue once all Defendants have responded to the Amended Complaint." See Order of January 1, 2024; Order of April 16, 2024; and Order of April 24, 2024 (Document No.s 20, 34 and 37). One of the previously assigned magistrate judges then administratively closed the case after plaintiff was released from the Erie County Prison and thereafter failed to provide an updated address. See Order of June 5, 2024 (Document No. 44), and Staff Note of May 29, 2024, noting the return of the court's mail addressed to plaintiff as undeliverable. Defendant I. Asar, M.D., then filed a motion to dismiss for failure to prosecute, in which the other defendants joined.

      The current Magistrate Judge issued a report on October 4, 2024, recommending that the case be dismissed for failure to prosecute and that the pending motions to dismiss be denied as moot. Plaintiff was given until October 21, 2024, to file objections to the report and recommendation. He failed to file any objections within that deadline or seek an extension of it.

      On January 6, 2025, plaintiff filed a motion to extend the deadline for filing objections to the October 4, 2024, report and recommendation. Plaintiff claimed that he had a "mental situation" and he was precluded from revealing his whereabouts while in treatment at a mental health facility. Plaintiff's return address was again identified as the Erie County Prison. An

order was entered on January 7, 2025, granting plaintiff's motion in part and directing him to respond to the pending motion to dismiss for failure to prosecute and the October 4, 2024, Report and Recommendation by January 31, 2025.

Plaintiff responded to the January 7, 2025, order by filing a motion for leave to amend. He seeks to add claims against the Erie Police Department, the Erie County Prison and the Erie County District Attorney's Office based on his November 30, 2024, arrest on felony robbery, aggravated assault and receiving stolen property. Plaintiff asserts that he was arrested without an affidavit of probable cause, subjected to a ransom bail in the amount of $10,000.00 straight cash, and released from Hamot UPMC Hospital on December 2nd or 3rd, 2024, and thereafter placed in illegal detention. After being released to Erie County Prison, plaintiff was subject to detention based on a preliminary hearing that was conducted by video conference. The victim did not appear at that hearing and the hearing was then extended for several weeks and rescheduled for January 23, 2025. Plaintiff asserts the Erie Police Department is utilizing criminal complaints without affidavits of probable cause, that magisterial district judges are failing to sign and seal warrants of arrest, supporting affidavits, and permitting the submission of false records and writings which are not sworn. Plaintiff requests that he be permitted to amend his complaint and the order permitting an extension to respond until January 31, 2025, be extended until March 21, 2025.

In a motion in support filed on January 17, 2025, plaintiff reiterates his assertions regarding the events that occurred on September 11, 2023. He asserts every defendant participated in the violation for his rights regardless of whether they did so knowingly or unknowingly, engaged in human trafficking, committed unlawful restraint, kidnapping, false imprisonment, and coercion, and participated in issuing blank warrants. All of this has resulted in plaintiff's loss of liberty without due process of law and a violation of his right to equal protection.

Apparently recognizing that his November 30, 2024, arrest involved different individuals, plaintiff moves to add the following as defendants: "some unknown Erie Police Officers to be added to this civil action by the means of civil conspiracy;" Warden Holman of Erie County Prison, St. Vincent Hospital, Magisterial District Judge Edward Wilson, and the sergeant working intake at the Erie County Police Department on November 30, 2024. Motion to Add Defendants (Doc. No. 64) at p.1.

As an initial matter, defendant Asar's motion to dismiss for lack of prosecution (in which the other defendants have joined) will be denied. The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J.

Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)).  Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

      Here, the sole basis for dismissal was plaintiff's failure to keep the court informed of his change of address.  With the lack of a viable address, the report and recommendation noted that plaintiff had effectively abandoned his claims because he had not corresponded with the court for nearly a year.  But tellingly, plaintiff had never been ordered to respond to defendants' substantive motions to dismiss "because all of the Defendants ha[d] not responded to the Amended Complaint."  Report and Recommendation (Doc. No. 56) at p.2.  Nor had the court entered a case management order or briefing schedule requiring further action or submission by plaintiff.  In other words, but for failing to keep his address current, plaintiff was not delinquent in complying with the court's orders or moving the case forward in any way at the time the report and recommendation was issued.  The ability to communicate with plaintiff and assure his ongoing participation in the lawsuit as hereafter ordered has been rectified by plaintiff's own efforts.  For these reasons, dismissal for failure to prosecute is too harsh and thus an inappropriate sanction at this juncture.[1]

      Plaintiff's motion for leave to amend will be denied.  The decision to grant or deny leave under Rule 15(a) is within the sound discretion of the district court.  Coventry v. U.S. Steel Corp., 856 F.2d 514, 518 (3d 1988) (citing Foman v Davis, 371 U.S. 178, 182 (1962)).  Leave to amend is to be granted "when justice so requires" and generally leave to amend is to be granted "unless equitable considerations render it otherwise unjust."  Southeastern Pennsylvania

---

[1] A balancing of the Poulis factors likewise does not weigh in favor of dismissal for failure to prosecute at this juncture.

Transportation Authority v. Orrstown Financial Services, Inc., 335 F.R.D. 54, 61 (M.D. Pa. 2020) (quoting Rule 15(a)(2) and Arthur v. Maersk, 434 F.3d 196, 204 (3d Cir. 2006)).

"Grounds potentially justifying denial of leave to amend are 'undue delay, bad faith, dilatory motive, prejudice, and futility.'" Orrstown Financial Services, 335 F.R.D. at 61 (citing Foman, 371 U.S. at 182 and In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Courts in this jurisdiction have "consistently recognized . . . that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" Id. (citing Arthur, 434 F.3d at 204 (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)).  In this setting "'prejudice' focuses on hardship to the defendant if the amendment were permitted, specifically, whether amendment 'would result in additional discovery, cost, and preparation to defend against new facts or new theories.'" Id. (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)).  And in demonstrating such prejudice, "the non-moving party must do more than merely claim prejudice; 'it must show that it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence.'" Id. (quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Heyl & Patterson Int'l v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981)).

Several of the defendants have been waiting for close to a year (and in one case over a year) to have their initial motions to dismiss resolved.  Plaintiff has never responded to those motions.  And instead of addressing those motions on their merits when directed to respond to the report and recommendation addressing his failure to prosecute, plaintiff instead sought to do an end-run around the issues raised in those motions by injecting a whole new series of events into the litigation.  Those events pertain to a different arrest by different individuals.  He then filed no fewer than ten new motions relating to his most recent November 30, 2024, arrest and proposed amended complaint.  Failing to resolve the initial long-pending motions to dismiss without further delay and subjecting the existing defendants to the additional burden of

defending or otherwise awaiting the adjudication of claims against others based on separate events occurring over a year later constitute sufficient prejudice to deny plaintiff's current motion for leave to amend. And in light of this disposition, all of his recent motions relating to his proposed amended complaint will be denied as moot.

For the reasons set forth above, defendants' motion to dismiss for failure to prosecute will be denied; plaintiff's motion to file an amended complaint will be denied; and plaintiff's motions pertaining to the issues raised in the proposed amended complaint will be denied as moot. The case will be referred back to Magistrate Judge Brown for further proceedings consistent with this Memorandum Opinion and accompanying order.

<u>Date: February 26, 2025</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc:   The Honorable Christopher B. Brown,
      United States Magistrate Judge
      Counsel of Record

      (*Via CM/ECF Electronic Mail*)

      Richard Arrington
      226 29th St.
      Erie PA 16504

      (*Sent Via First Class Mail*)